UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
:
THE LAW OFFICE OF RICHARD E. LERNER, P.C.,  :   Docket No. _____
:
Plaintiff,  :
:
- against -  :
:
JUDI GHEDINI a/k/a JUDITH GHEDINI,  :
JONAS GAYER,  :
:
Defendants.
------------------------------------------------------------------ x

## NOTICE OF REMOVAL

Defendant Judi Ghedini a/k/a Judith Ghedini ("Ghedini") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446 and Local Civil Rule 81.1, removing *The Law Office of Richard E. Lerner, P.C. v. Ghedini*, currently pending in the Supreme Court of the State of New York, Queens County, Index No. 716348/2017 (the "State Court Action"), to the United States District Court for the Eastern District of New York. The grounds for this Notice of Removal are as follows:

### VENUE AND TIMELINESS OF REMOVAL

1) Pursuant to 28 U.S.C. § 1441(b)(2), a civil action in state court may be removed to the United States District Court where such action is pending provided none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

2) Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a

copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

3) The Notice of Removal is timely because it is being filed within thirty (30) days of the first date on which any of the defendants was served with a copy of the summons with notice. Specifically, co-defendant, Jonas Gayer ("Gayer") was served on December 13, 2017. According to the Affirmation of Service filed by Plaintiff, Ghedini was served through her undersigned counsel on December 20, 2017. Thus, removal is timely.

4) As required by 28 U.S.C. § 1446(a), attached as Exhibit A is a true and correct copy of the summons with notice upon which this Notice of Removal is based, together with the Affidavit of Service showing service on Gayer and the Affirmation of Service with respect to Ghedini.

5) Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because this action was pending in the Supreme Court of New York, Queens County at the time of removal. *See* 28 U.S.C. § 112(c).

6) Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Queens County Clerk of the Supreme Court of the State of New York.

7) By filing this Notice of Removal, Defendants do not waive any available defenses

**THE SUMMONS WITH NOTICE CONSTITUTES AN INITIAL PLEADING**

8) A summons with notice can constitute an "initial pleading" for the purposes of the Removal Statute. *See MBIA Ins. Corp. v. Royal Bank of Can.*, 706 F. Supp. 2d 380, 386 (S.D.N.Y. 2009) (the court held that "a summons with notice filed in accordance with New York State law 'may constitute an initial pleading for purposes of the federal removal statute' because New York law requires 'the summons to provide notice stating the nature of the action and the

6835835v.1

relief sought—that is, information from which a defendant can ascertain removability'"(*quoting Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 202-04 (2d Cir. 2001)).

9) Plaintiff's (the "Lerner Firm" or "Lerner") summons with notice (three pages) provides the identity of the parties and a summary of the claims to be asserted against each defendant. It also provides an amount of damages that it seeks, which amount exceeds the amount in controversy requirement under the statute.

10) On behalf of named co-defendant Gayer, counsel for Gayer has consented to removal of Plaintiff's summons with notice. A written copy of the consent is attached as Exhibit B.

## DIVERSITY JURISDICTION EXISTS BETWEEN THE REAL PARTIES IN INTEREST

11) This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. §§ 1441 and 1446, in that there is complete diversity of citizenship between the true adverse parties to the State Court Action—Plaintiff, Lerner and Defendant, Ghedini.

12) Lerner is a professional corporation incorporated in the State of New York with its principal place of business in the State of New York, and is therefore a New York citizen for diversity purposes.

13) Ghedini resides and is domiciled in the State of Florida, and is therefore a Florida citizen for diversity purposes.

14) Gayer resides and is domiciled in the State of New York, and is therefore a New York citizen for diversity purposes.

15) While Gayer is a named defendant in the State Court Action, he has "no real connection with the controversy" which involves dispute as to whether Lerner— Ghedini's prior

counsel—is entitled to be paid any legal fees. *See Government Employees Ins. Co. v. Saco*, 2015 WL 4656512 (E.D.N.Y. August 15, 2015).

16) As gleaned from the summons with notice, the causes of action against Gayer—sounding in tort—are (1) interference with prospective advantage, and (2) interference with contract. As Lerner was Ghedini's attorney, and she dismissed him for cause, neither claim can stand on its own. Even if either claim could arguably meet New York's pleading requirements, there is no basis to have both these claims joined together. In short, Ghedini submits that Gayer was improperly joined for the sole purpose of attempting to defeat diversity jurisdiction and impair Ghedini's right to remove this action to federal court.

17) Notably, Plaintiff brought essentially the same claims against Ghedini approximately two months earlier in Queens Supreme Court under index no. 714321/2017. *See* Exhibit C. As with the current summons with notice, the Lerner Firm sought attorneys' fees in excess of $200,000 based on what Lerner deemed to be a wrongful discharge by Ghedini. The only named defendant was Ghedini. On the basis of having met the requirements of diversity jurisdiction, Ghedini timely removed the action filed by Plaintiff to this Court under Docket No. 17-cv-6664.

18) Before Ghedini had a chance to answer, Lerner filed a notice of discontinuance of the action. *See* Exhibit D.

19) Within a thirty (30) minute span on November 27, 2017, Lerner filed the notice of discontinuance in this Court, and commenced a new State Court Action against Ghedini seeking exactly the same relief from her that was sought in the discontinued action. The new action, however, added Gayer as a co-defendant. Plaintiff submits that this was part and parcel of a plan to "defeat a federal court's diversity jurisdiction and a defendant's right of removal by

merely joining as defendants, parties with no real connection with the controversy." *Gov't Emples.* at *5.

20) Neither of Plaintiff's causes of action asserted against Gayer can stand, even assuming they could be amended or further facts alleged.

21) Plaintiff's first cause of action against Gayer is a tort action based on interference with prospective economic advantage. To prevail on a claim for tortious interference with prospective advantage, the Lerner Firm must allege that Gayer intentionally interfered with a prospective business relationship with Ghedini. Specifically, interference with prospective economic relations "requires an allegation that plaintiff would have entered into an economic relationship **but for** the defendant's wrongful conduct." *Vigoda v. DCA Prods. Plus Inc.*, 293 A.D.2d 265, 266 (1st Dep't 2002)(emphasis supplied). There can be no claim for interference with prospective advantage if there is already an existing contractual relationship with the third party. *Id.* The Lerner Firm clearly states and in fact relies upon the existence of a one-third contingency fee arrangement" in its claims against Ghedini. In other words, there was already an existing contractual relationship and there was nothing "prospective" about it.

22) Plaintiff's second cause of action against Gayer is for tortious interference with contract. To prevail on a claim for tortious interference with contract under New York law, the Lerner Firm must be able to allege: [1] the existence of a valid contract between [Ghedini] and [Lerner], [2] Gayer's knowledge of that contract, [3] Gayer's intentional procurement of the purported breach by Ghedini without justification, [4] actual breach of the contract with Lerner, and [5] damages resulting from that breach. *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 414 (1996). There are no set of facts that Lerner can allege that would support such a

theory, because Lerner, an attorney, cannot claim that his discharge resulted from a breach by his client, Ghedini or the procurement of that breach by Gayer.

23) Ordinary contract principles do not apply with respect to the attorney-client relationship. *See Garcia v. Teitler*, 2004 WL 1636982 * 5 (E.D. N.Y. July 22, 2004)(*quoting Campagnola v. Mulholland, Minion & Roe*, 76 N.Y.2d 38, 43 (1990)("[b]ecause of the uniqueness of the attorney-client relationship, traditional contract principles are not always applied to govern disputes between attorneys and clients. Thus, it is well established that notwithstanding the terms of the agreement between them, a client has an absolute right, at any time, with or without cause, to terminate the attorney-client relationship by discharging the attorney.")

24) Because Ghedini exercised a right to discharge under New York law, there can be no breach and therefore no interference with contract. Notably, Gayer is an accountant and was never in competition with Lerner for Ghedini's business (which is the usual reason such claims are asserted.) This claim against Gayer must also fail.

25) In *Gov't Emples.* the Court stated that "[u]nder the doctrine of fraudulent joinder, 'courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court.'" Id., * 5 (*quoting Ulysse v. AAR Aircraft Component Servs.*, 841 F. Supp. 2d 659, 682 (E.D.N.Y. 2012))(further quotations omitted). As demonstrated, the two causes of action alleged against Gayer cannot be maintained under New York law because there was no "prospective advantage" to be gained and thus destroyed by Gayer and no procurement of a breach of contract because Ghedini had an absolute and unfettered right to discharge Lerner. Therefore, this Court should not consider Gayer's status for purposes of determining diversity.

26) Moreover, even Lerner's claims against Gayer were viable under New York law, which they are not, they cannot properly be joined in the same action as his claim against Ghedini.

27) In sum, because the <u>proper</u> parties are citizens of different states, diversity of citizenship is satisfied under 28 U.S.C. § 1332(a)(1).

## **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

28) The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

29) In its summons with notice, the Lerner Firm "demands damages that no less than $225,000". *See* Exh. A, pg. 2.

30) Accordingly, based on the monetary relief expressly set forth in the summons with notice, the amount in controversy meets the jurisdictional requirements of this Court.

WHEREFORE, Ghedini, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action from the Supreme Court of the State of New York, Queens County. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Supreme Court of New York, Queens County, and written notice is being provided to Plaintiff.

Dated: January 5, 2018

                    WILSON, ELSER, MOSKOWITZ,
                    EDELMAN & DICKER LLP

                    By: *[signature]*
                    David L. Tillem
                    1133 Westchester Avenue
                    White Plains, NY 10604
                    By: David L. Tillem
                    Tel: (914) 872-7104
                    Fax: (914) 323-7001

david.tillem@wilsonelser.com
File No. 02135.00017


LAW OFFICE OF KATHLEEN A. DALY, P.A.
43 W. 43rd Street, Ste. 162
New York, NY 10036
Tel: (212) 804-5741
Fax: (800)-395-8692
Email: kdaly@kadalylaw.com


*Attorneys for Defendant Judi Ghedini
a/k/a Judith Ghedini*

6835835v.1