**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------- x
                                                                     :
THE LAW OFFICE OF RICHARD E. LERNER, P.C.,        :    Case No. 18-113
                                                                     :
                        Plaintiff,                                   :
                                                                     :
        - against -                                                  :
                                                                     :
JUDI GHEDINI a/k/a JUDITH GHEDINI,                                   :
JONAS GAYER,                                                         :
                                                                     :
                        Defendants.                                  :
------------------------------------------------------------------- x
```

## DEFENDANT JUDI GHEDINI'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

| | |
|---|---|
| **WILSON, ELSER, MOSKOWITZ,** | **LAW OFFICE OF** |
| **EDELMAN & DICKER LLP** | **KATHLEEN A. DALY, P.A.** |
| By: David L. Tillem | By: Kathleen A. Daly |
| 1133 Westchester Avenue | 43 W. 43rd Street, Ste. 162 |
| White Plains, New York 10604 | New York, New York 10036 |
| (914) 872-7104 | (212) 804-5741 |
| File No: 02135.00017 | |

*Attorneys for Defendant Judi Ghedini a/k/a Judith Ghedini*

## TABLE OF CONTENTS

Introduction ............................................................................ 2

Statement of Facts ................................................................... 3

ARGUMENT

Point I -

PLAINTIFF'S USE OF PRIVILEGED OR CONFIDENTIAL
TO MAINTAIN CAUSES OF ACTION CANNOT STAND ................................... 3

      Prohibition on Using Client Confidences to
      Buttress Attorney Claims ............................................................ 4

      The Limited Exceptions to Disclosure of Privileged
      and/or Confidential Information do not apply ................................ 6

Point II -

PLAINTIFF CAN ESTABLISH NO POSSIBILTY OF
ANY RECOVERY BASED ON HIS CLAIMS AGAINST GAYER ........................... 9

PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FEES
EVEN IF THIS COURT GRANTS THE MOTION FOR REMAND ........................ 9

Conclusion ........................................................................... 10

# TABLE OF AUTHORITIES

Cases

*Brennan's, Inc. v. Brennan's Restaurants, Inc.,*
   590 F.2d 168 (5th Cir. 1979) ........................................................................................... 5

*Campagnola v. Mulholland, Minion & Roe,*
   76 N.Y.2d 38 (1990) ........................................................................................................ 7

*Eckhaus v. Alfa-Laval, Inc.,*
   764 F. Supp. 34 (S.D.N.Y. 1991) .................................................................................... 4

*In re Richard Roe, Inc.,* 168 F.3d 69 (2d Cir. 1999)............................................................ 9

*In re Starbrite Properties, Inc.,*
   Case No. 40758 (E.D.N.Y. Bank. June 5, 2012) ........................................................... 7

*Johnson v. Medisys Health Network,*
   2011 WL 5222917 (E.D.N.Y. Apr. 28, 2011) ....................................................... 5, 6, 8

*Keller v Loews Corp.,*
   69 A.D.3d 451 (1st Dep't 2010) ...................................................................................... 4

*MBIA Ins. Corp. v. Royal Bank of Canada,* 706 F. Supp. 2d 380 (S.D.N.Y., 2009)...................... 9

*United States v. Construction Products Research, Inc.,*
   73 F.3d 464 (2d Cir.1996)............................................................................................... 4

*United States v. Jacobs,*
   117 F.3d 82 (2d Cir. 1997)............................................................................................. 9

*Wise v. Consol. Edison Co. NY,*
   282 A.D.2d 335 (1st Dep't 2001) ................................................................................... 5

Rules

Rules of Professional Conduct................................................................................... passim
Rules of Professional Conduct 1.6.................................................................................... 6
Rules of Professional Conduct, 1.9(c) .............................................................................. 6

## Introduction

Defendant Judi Ghedini a/k/a Judith Ghedini ("Ghedini") respectfully submits this memorandum of law in opposition to the motion for remand filed by Plaintiff, the Law Office of Richard E. Lerner, P.C. ("Lerner" or "Lerner Firm"). There is no possibility, based on the summons with notice and proposed complaint, that Lerner can state a cause of action against Ghedini and Gayer, based on a claim of tortious interference with contract and tortious interference with business relations.

Ghedini fired the Lerner Firm for cause in or about May 2017.  This was not a rash move by her but rather was the culmination of ███████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████

The issue of whether Plaintiff was fired for cause is a separate issue and will be determined at some point.  Ghedini submits that the issue should be decided by this Court because she timely removed the case thus invoking this Court's diversity jurisdiction.  The addition by Lerner of Jonas Gayer was done solely and improperly to destroy that jurisdiction.  Mr. Gayer, her former tax preparer when she lived in New York City many years ago███████████████████████████████ ████████  He did not encourage her to fire Lerner nor instigate the termination in any way.  He never even knew the identity of her attorney until after Lerner had been discharged.

The fact that Lerner is utilizing privileged and confidential communications to buttress the Firm's claims speaks volumes about the lengths the Firm will go to and its penchant for engaging in meritless litigation.  Both the state and federal courts in New York have warned Lerner and his associate Frederick Oberlander ("Oberlander") multiple times about the consequences of engaging

2

in such conduct.   Despite its arguments that Ghedini "breached" the contingency fee agreement with her discharge of them and that Gayer was a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓, they omit any supporting facts, instead relying on supposition and innuendo to carry them through.  This is not enough even under the tough "no possibility" of a claim standard within this Circuit.

For the reasons stated below and in the accompanying affidavit of Ms. Ghedini, this Court should deny Plaintiff's motion for remand.

### Statement of Facts

The Court is respectfully referred to the Affidavit of Judith Ghedini, sworn to March 23, 2018 and the Declaration of Jonas Gayer, dated March 23, 2018.

### ARGUMENT

### Point I

### PLAINTIFF'S USE OF PRIVILEGED OR CONFIDENTIAL TO MAINTAIN CAUSES OF ACTION CANNOT STAND

Lerner's proposed complaint which asserts that Gayer wrongfully induced Ghedini to discharge Lerner principally relies on the use of email communications as its factual support.  In addition to taking those communications out of context to support its skewed version of events, the information the Lerner Firm uses is subject to the attorney-client privilege and/or otherwise constitutes confidential information.  Therefore, these communications cannot be used.  To do so, would be to violate the Rules of Professional Conduct-in particular, Rules 1.9(a) and Rule 1.6(a). Contrary to what Lerner states, the Firm is not "entitled" to reveal this information under any exceptions to Rule 1.6—that it is necessary to defend against a claim the Firm was discharged for

3

cause; collect a fee and " ███████████████████████ " Plaintiff's Proposed
Complaint ("PC" ¶ 34).

## PROHIBITION ON USING CLIENT CONFIDENCES TO BUTTRESS ATTORNEY CLAIMS

The attorney-client privilege protects confidential communications between a client and
her attorney when made for the purpose of obtaining or providing legal advice. *United States v.
Construction Products Research, Inc.,* 73 F.3d 464, 473 (2d Cir.1996). The attorney "as one in a
confidential relationship and as any fiduciary, is charged with a high degree of undivided loyalty
to his client". *Keller v Loews Corp.,* 69 A.D.3d 451 (1st Dep't 2010)(quoting Matter of Kelly, 23
N.Y.2d 368 [1968]). "Indeed, the duty to preserve client confidences and secrets continues even
after representation ends". Id., 69 A.D.3d at 451. Lerner is bound by the Rules of Professional
Conduct and long-standing law in both Federal and New York State cases to preserve the client's
privileged information and confidences.

When Ghedini communicated with Lerner ████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
Plaintiff's Motion to Remand ("Remand Mot")███████████████████████████
As Lerner is bound by law to maintain the confidentiality of those communications, it follows that
such information cannot be used as the basis for a claim against the client. *See also Eckhaus v.
Alfa-Laval, Inc.,* 764 F. Supp. 34, 37-38 (S.D.N.Y. 1991)(court prohibited former in-house
attorney to maintain action against former employer based on the "right of the client not to be held
hostage to an attorney's threat to reveal confidential information").

4

Lerner's duty to protect confidential information obtained from Ghedini ███████ ████████████████████████████is even broader than the scope of the attorney-client privilege. Rule 1.6(a) provides in relevant part that a "lawyer shall not knowingly reveal confidential information, as defined in the Rule, or use such information to the disadvantage of a client or for the advantage of the lawyer or a third person". The Rules of Professional Conduct define confidential information as follows:

> "Confidential information" consists of information gained during or relating to the representation of a client, whatever its source, that is (a) protected by the attorney-client privilege, (b) likely to be embarrassing or detrimental to the client if disclosed, or (c) information that the client has requested be kept confidential.

As noted by the court in *Brennan's, Inc. v. Brennan's Restaurants, Inc.*, 590 F.2d 168, 172 (5th Cir. 1979), "[i]nformation so acquired is sheltered from use by the attorney against his client by virtue of the existence of the attorney-client relationship. This is true without regard to whether someone else may be privy to it. *See also Wise v. Consol. Edison Co. NY*, 282 A.D.2d 335 (1st Dep't 2001)("[p]laintiff's affirmative claims against defendant for damages, grounded in the theory of wrongful discharge, do not fall within the exception permitting an attorney to disclose confidences or secrets necessary to defend against an accusation of wrongful conduct. . . and plaintiff cannot circumvent the rule prohibiting such claims by refraining his claims as other related torts")(internal quotation marks and citations omitted). As stated by the Court in *Johnson v. Medisys Health Network*, 2011 WL 5222917 (E.D.N.Y. Apr. 28, 2011), "[t]he rationale behind this broad protection of client representation, a client must be encouraged to speak openly with his lawyer" (citations omitted).

5

Moreover, the Rules of Professional Conduct prohibit Lerner from using confidential information to the disadvantage of a former client or to the advantage of the lawyer or a third party. Under Rule 1.9(c), a lawyer shall not:

- use confidential information of the former client protected by Rule 1.6 to the disadvantage of the former client, except as these Rules would permit or require with respect to a current client or when the information has become generally known; or

- reveal confidential information of the former client protected by Rule 1.6 except as these Rules would permit or require with respect to a current client.

Under Rule 1.6, an attorney is prohibited from "knowingly reveal[ing] confidential information as defined in this Rule, or us[ing] such information to the disadvantage of a client *or for the advantage of the lawyer or a third person*" (emphasis added). As the court in Johnson observed, a suit by the lawyer against the former client "clearly implicate" these Rules—in particular Rule 1.6.

The Lerner Firm's claims in this case as against Mr. Gayer hinge on its use confidential communications shared by Ghedini while Lerner was still acting as her attorney. If you exclude the use of this confidential information, Lerner has no claim. Stated another way, there is no possibility of maintaining a claim without the use of confidential information, which in turn mandates the denial of Lerner's motion for remand.

**THE LIMITED EXCEPTIONS TO DISCLOSURE OF PRIVILEGED AND/OR CONFIDENTIAL INFORMATION DO NOT APPLY**

Lerner alleges that the Firm is "entitled . . . to reveal confidential information" that it "believed necessary to defend himself against the claim he was discharged for cause; collect [its] fee and ~~punish~~." PC ¶¶ 34. None of these exceptions apply.

      (i)    *The disclosure of these confidential communications are unnecessary to collect fees or prove discharge without cause*

To the extent that Lerner can establish that he was entitled to collect a fee, any disclosure of privileged communications should be limited to what is reasonably necessary for collection. The problem here is that Lerner does not allege any basis for the need to disclose the Ghedini-Gayer emails in order to establish his right to recover fees or, for that matter, to establish he was discharged for cause. If Lerner establishes that he was discharged without cause, then he will be entitled to the reasonable value of services rendered up to the point of discharge. No more and no less. The disclosure of emails forwarded to the Firm in confidence does not add anything to the equation.

In addition, the fact that Ghedini discharged the Firm at a particular time is equally irrelevant as she had an absolute right to discharge at any time. *See Campagnola v. Mulholland, Minion & Roe*, 76 N.Y.2d 38, 43 (1990)("[b]ecause of the uniqueness of the attorney-client relationship, traditional contract principles are not always applied to govern disputes between attorneys and clients. Thus, it is well established that notwithstanding the terms of the agreement between them, a client has an absolute right, at any time, with or without cause, to terminate the attorney-client relationship by discharging the attorney.") Thus, Lerner's statement that Ghedini "breached the contract" is wrong and entitles him to nothing by way of damages and adds nothing to the fee argument. *See, e.g., In re Starbrite Properties, Inc.*, Case No. 40758 (E.D.N.Y. Bank. June 5, 2012)(rejecting attorney's submission of the confidential information as necessary to the post judgment fee application and finding instead that it was "for a self-serving purpose, to portray [debtor's owner] as a person lacking credibility in order to undercut his anticipated objection to the Post-Confirmation Fee Application" and further finding that the disclosure had "no apparent bearing on the merits of the . . . Fee Application.").[1]

---

[1]     Lerner and Oberlander have attempted in several other cases to use confidential information for improper purposes.

*(ii) Crime-fraud exception*

The only allegations that even remotely refer to criminal activity



The Firm also makes insinuations regarding

While the Rules of Professional Conduct permit an attorney to reveal a confidence "to prevent the client from committing a crime", it is an exception "aimed at serious misconduct . . . and can be invoked only if [the parties] demonstrate that there is 'probable cause to believe that a fraud or crime has been committed and that the communications in question were in furtherance of the fraud or crime." *Johnson,* 2011 WL 5222917 (internal quotations omitted). Because of the sanctity afforded a client's confidences and the attorney-client relationship, the crime-fraud exception is "should not be framed so broadly as to vitiate much of the protection they afford." *In*

---

- *In re John Doe*: 98-CV 1101 (Hearing Date: July 20, 2010) – Judge Glasser noted the improper use by Oberlander of documents that that were confidential and that the "sensitivity of those documents would have been apparent to any reasonable person, particularly one who is trained in the law ostensibly.") [pg. 20].

- *United States v. John Doe*, 98 CR 1101 (Hearing Date: April 1, 2011) – Judge Cogan stated that with respect to papers that were submitted by Lerner, he was "concerned about the tone and nature of Mr. Lerner's papers, that [Lerner] will take one small reference, combine it with other things...from documents that were not in the public domain and give that public statement of a minor nature a whole new life and that [Lerner] will not be permitted to do". [pgs. 8-9].

- *Kriss v. Bayrock Group LLC*, 10 CV 3959 (Hearing Date: May 31, 2016) – Judge Shofield stated that Lerner and Oberlander were on a "path of vexatious litigation" and had obtained documents improperly and used them improperly in connection with the filing of certain pleadings [pg. 25].

8

re *Richard Roe, Inc.*, 168 F.3d 69, 71 (2d Cir. 1999) (internal citations omitted). As held in *United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997) *abrogated on other grounds by Loughrin v. United States*, 134 S. Ct. 2384 (2014), "[a] party wishing to invoke the invoke the crime-fraud exception must demonstrate that there is a factual basis for a showing of probable cause to believe that a fraud or crime has been committed and that the communications in question were in furtherance of the fraud or crime."

Here, Plaintiff's allegations are conclusory and vague and rely on nothing that is even remotely factual. Simply put, there is no evidence of an ongoing crime or any showing that

████████████████████████████████████████████████████

### Point II

### PLAINTIFF CAN ESTABLISH NO POSSIBILTY OF ANY RECOVERY BASED ON HIS CLAIMS AGAINST GAYER

With respect to whether Plaintiff's tort claims against Gayer entitle him to remand, Ghedini adopts the arguments set forth in the memo of law filed by Gayer.

### Point III

### PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FEES EVEN IF THIS COURT GRANTS THE MOTION FOR REMAND

Even in those cases where the motion to remand was granted, the recovery of attorneys' fees is not automatic. It is within the discretion of the Court. In *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380 (S.D.N.Y., 2009) the Court stated "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) *only* where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."

9

For the reasons set forth herein, in particular Lerner's attempted use of confidential communications to supports is claims, fees should be denied even if this Court determines that Lerner has met its burden for remand.

### Conclusion

For the reasons stated herein, Ghedini respectfully requests that Plaintiff's motion for remand be denied.

Dated:  March 23, 2018

By: _____
Kathleen A. Daly

THE LAW OFFICE OF
KATHLEEN A. DALY, P.A.
43 W. 43rd Street, Ste. 162
New York, NY 10036
Tel: (212) 804-5741
Fax: (800) 395-8692
Email: kdaly@kadalylaw.com

And

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
By: David L. Tillem
1133 Westchester Avenue
White Plains, NY  10604
Tel.: (914) 872-7104
Fax: (914) 323-7001
Email: david.tillem@wilsonelser.com
File No. 02135.00017

*Attorneys for Defendant Judi Ghedini*
*a/k/a Judith Ghedini*

10