UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
THE LAW OFFICE OF RICHARD E. LERNER, : 
P.C., :
  :
  :
                             Plaintiff, :     MEMORANDUM & ORDER
  :
-against- :     18-CV-113 (ENV)(RLM)
  :
JUDI GHEDINI a/k/a JUDITH GHEDINI, and : 
JONAS GAYER, :
  :
  :
                   Defendants. :
------------------------------------------------------------------- x
VITALIANO, D.J.

      On September 24, 2018, Chief Magistrate Judge Roanne L. Mann issued a Report and

Recommendation (the "R&R") in which she recommends that plaintiff's motion to remand be

denied and the claims against defendant Gayer be dismissed. R&R, Dkt. 39; *see also* Mot. to

Remand, Dkt. 14. Only plaintiff, proceeding *pro se*, has objected.[1] Lerner Objection, Dkt. 42.

Having carefully considered plaintiff's objections, and for the reasons set forth below, the Court

adopts Judge Mann's R&R in its entirety as the opinion of the Court.

### Background

      In October 2017, Lerner, a New York attorney, initiated a special proceeding in Queens

County Supreme Court against Ghedini, his former client and a citizen of Florida, asserting a

charging lien. After Ghedini removed the action to federal court on diversity grounds, Lerner

voluntarily dismissed the action. Soon after, Lerner commenced a second action by filing a

---

[1] Plaintiff is a solo practitioner representing himself *pro se* in this action. The Court refers to plaintiff by last name, rather than by the title of his firm. The solicitude ordinarily granted to self-represented litigants is not accorded to attorneys who appear on their own behalf.

summons with notice in Queens County Supreme Court, this time against both Ghedini and

Gayer, Ghedini's former tax consultant who, it is alleged, is a citizen of New York. In the new

proceeding, Lerner alleged that Gayer had induced Ghedini to discharge Lerner, thereby

committing tortious interference with contract and with business relations. On January 8, 2018,

Ghedini removed the second action, again on diversity grounds, arguing that Lerner had

fraudulently joined Gayer as a defendant in order to destroy diversity jurisdiction. Less than a

month later, on February 7, 2018, Lerner moved to remand the action for lack of diversity

jurisdiction. Judge Mann issued the R&R, on September 24, 2018.

In her R&R, Judge Mann concluded that the motion to remand should be denied, because

the joinder of Gayer was, indeed, fraudulent. Addressing Lerner's argument that federal courts

have set forth "three dissimilar standards" for determining whether joinder is fraudulent, Judge

Mann observed that, setting aside minor semantic differences, courts apply a common test. In

order to demonstrate fraudulent joinder, the party objecting to federal jurisdiction on that ground

must show "that there is no possibility, based on the pleadings, that plaintiff can state a cause of

action against the non-diverse defendant in state court." R&R at 7 & n.3.

Applying this "no possibility" standard, Judge Mann evaluated the claims that Lerner had

asserted against Gayer, looking to both the summons with notice and the proposed complaint that

Lerner had filed. *See* Mot. to Remand at 1, 12, 15, 21 (citing and attaching proposed complaint).

Those claims, for tortious interference with contract and tortious interference with business

relations, presented "no possibility of recovery against Gayer," Judge Mann concluded. R&R at

22. The interference with contract claim must fail, she reasoned, because such a claim cannot,

under applicable New York law, arise out of an agreement that is terminable at will. *Id.* at 11-12.

The interference with business relations claim must also fail, Judge Mann found, because there is

"no possibility" that Lerner can establish two required elements of that claim—first, that Gayer intentionally interfered with Lerner and Ghedini's relationship, and, second, that any interference by Gayer caused injury to that relationship. *Id.* at 13. Beyond that, Judge Mann determined that Lerner had not pleaded a defamation claim against Gayer in the summons with notice, despite his insistence to the contrary. *Id.* at 9 n.4. Based on these findings, she recommended that the claims against Gayer be struck from the action and the action proceed in federal court. Lerner now objects to the R&R.

### Standard of Review

In reviewing a magistrate judge's R&R, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge need only be satisfied "that there is no clear error on the face of the record" to accept the reviewed R&R, provided no timely objection has been made in writing. *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). The district judge, moreover, is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). Objections that are general, conclusory, or "merely recite the same arguments presented to the magistrate judge" do not constitute proper objections and are reviewed only for clear error. *Sanders v. City of New York*, No. 12-CV-113 (PKC)(LB), 2015 WL 1469506, at *1 (E.D.N.Y. Mar. 30, 2015) (citation omitted). Clear error exists "where, upon a review of the entire record, [the district judge] is left with the definite and firm conviction that a mistake has been committed." *Saveria JFK, Inc. v. Flughafen Wien, AG*, No. 15-CV-6195 (RRM) (RLM), 2017 WL 1194656, at *2

3

(E.D.N.Y. Mar. 30, 2017).

## Discussion

Lerner objects to the R&R on numerous grounds, all of which either restate original objections or attack the R&R in a general or conclusory manner. Since such objections do not present a basis for *de novo* review, the R&R is reviewed for clear error.[2] Even if the entire R&R were reviewed *de novo*, as Lerner proposes, the same result would obtain here, given the dearth of precedential support for his arguments.

In his opening salvo, Lerner contends that the summons with notice should not be evaluated pursuant to either state or federal pleading standards, because it is not a complaint. Lerner Objection at 5. This contention is without foundation in law. While "New York has liberal pleading rules, especially for a summons with notice," those rules still require a plaintiff to "provide at least basic information concerning the nature of a plaintiff's claim and the relief

---

[2] Lerner pushes for a different conclusion, asserting that *de novo* review is warranted, in line with *Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008). *See* Lerner Objection at 4 ("*de novo* review of the motion for remand is required"). *Williams* held that a motion to remand for lack of subject matter jurisdiction is, functionally, a dispositive motion, and, as a result, "a magistrate judge presented with such a motion should provide a report and recommendation to the district court that is subject to *de novo* review under Rule 72." *Williams*, 527 F.3d at 266. *Williams* did not, however, expand the scope of *de novo* review under Rule 72, which applies to "any part of the magistrate judge's disposition that has been *properly objected to*." Fed. R. Civ. P. 72(b)(3) (emphasis added). Thus, where, as here, a magistrate judge recommends denial of a motion to remand or *sua sponte* dismissal of a defendant, only proper objections prompt *de novo* review. *See, e.g., Mallek v. Allstate Indem. Co.*, No. 17-CV-5949 (KAM), 2018 WL 3629596, at *6 (E.D.N.Y. July 31, 2018) (applying clear error review, adopting R&R finding fraudulent joinder, and denying motion to remand where plaintiff's objections rehashed old arguments and were general and conclusory); *Maspeth Trading, Inc. v. Ou Jiang Supermarket, Inc.*, No. 12-CV-1997 (NGG)(VMS), 2014 WL 3548507, at *1 (E.D.N.Y. July 17, 2014) (applying clear error review where no objection to recommendation to grant default judgment as to one defendant and *sua sponte* dismiss claims as to other defendant). Such objections have not been interposed here.

sought." *Schulman v. MyWebGrocer, Inc.*, No. 14-CV-7252 (ENV)(RML), 2015 WL 3447224, at *3 (E.D.N.Y. May 28, 2015) (internal citation and quotation marks omitted); N.Y. C.P.L.R. 305(b) ("If the complaint is not served with the summons, the summons shall contain or have attached thereto a notice stating the nature of the action and the relief sought."); *see generally* David D. Siegel, New York Practice §§ 207-214 (6th ed. 2018) (discussing pleading standards). In any event, the R&R does not rely solely on the summons with notice in evaluating the viability of any recited claim the summons notices against Gayer; it also considers the proposed complaint submitted by Lerner in his filing of February 7, 2018 for that very purpose.[3]  R&R at 9.  Informed by Lerner's full package of pleadings, his objection lacks merit, even when reviewed *de novo*.

Second, Lerner criticizes the R&R for "repudiat[ing] Second Circuit precedent" by applying a "no reasonable possibility" of recovery standard to the question of fraudulent joinder, rather than a "no possibility" of recovery standard.  Lerner Objection at 7.  In making this objection, Lerner simply rehashes his prior, unsuccessful argument that these phrases represent dissimilar standards—which Judge Mann addressed at length in the R&R.  After thoroughly explaining the nuances of the relevant standard, Judge Mann applied the singular standard the various voices of precedent command with precision.  In short, she did, exactly, follow the precedent that Lerner contends she had repudiated.  *See* R&R at 7 & n.3, 22 (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459 (2d Cir. 1998)).

---

[3] Although not a part of Lerner's actual pleading in this case, the proposed complaint is properly before the Court in considering whether that pleading falls within the Court's diversity jurisdiction. *See infra* at 6.

Next, Lerner argues that he asserted a defamation claim in the summons with notice, but that Judge Mann overlooked that claim by evaluating the proposed complaint instead of just evaluating the summons with notice. Lerner Objection at 8. On a related note, he insists that he should not be "locked into" the proposed complaint, because it was not the operative complaint, and, in any case, he should be allowed to amend it now. *Id.* at 9. First off, any objection that Judge Mann failed to scrupulously search the summons with notice for any sign of a defamation claim is meritless. The record is abundantly clear that she did. *See* R&R at 9 n.4. She did not, nor does the Court, find one—because there was nothing to find. In fact, the summons with notice lists claims against Gayer, but the list limits these only to "interference with prospective advantage" and "interference with contract." Not a word even hinted at a defamation claim. *See* Dkt. 1-2.

Furthermore, Lerner's proposition that the question of fraudulent joinder be decided based on an unfiled, hypothetical complaint rather than the pleadings actually of record is incomprehensible. The absurdity of it is manifest in his contention that the only pertinent question is, "Are there facts, which if true, could support a claim against Gayer?" Lerner Objection at 10. The question is not whether there are such facts, but whether such facts have actually been pleaded in the pleadings, whether a summons with notice or a summons and complaint. Judge Mann had to decide the remand motion and the fundamental question of fraudulent joinder on the record before her, not based on additional claims that a pleader might dream up. She did that, and the Court's review sustains it; this objection is overruled.

Fourth, Lerner takes issue with the R&R's discussion of *Lurie v. New Amsterdam Casualty Company*, 270 N.Y. 379, 1 N.E.2d 472 (1936). On Lerner's reading of the R&R, Judge Mann found *Lurie* distinguishable from this action because, in *Lurie*, the third party who induced

6

the breach of an attorney-client agreement was an insurance company. Alluding to "hundreds" of post-*Lurie* cases in which the defendants "were not insurers," Lerner assigns error. Lerner Objection at 10. This objection stems from a baffling, charitably, "misunderstanding" of the R&R. Though it is true that Judge Mann did distinguish *Lurie*, she did so not because it involved an insurance company, but because of the actions taken by the interfering insurance company, which "threatened the attorney's client into repudiating the retainer agreement," a demonstration of interference as required to state a tortious interference claim. In contrast, and making the line of cases distinguishable, here, "there are no factual allegations that suggest that Gayer *targeted for disruption* the relationship between Ghedini and her attorneys." R&R at 23 (emphasis added). More specifically, the distinguishing factor is the allegation of wrongful, interfering conduct, not the identity of the third party.[4] The absence of any such factual allegations of interference here justifies Judge Mann's conclusion to that effect.

Next, Lerner asserts that Judge Mann erred by considering papers "submitted by Gayer, a non-person," because the Court lacks subject matter jurisdiction to consider the arguments of a non-diverse defendant. Lerner Objection at 12; *see* R&R at 10 n.5. Courts have noted that,

---

[4] To the extent that Lerner challenges the conclusion that a claim for tortious interference with contract cannot arise out of the termination of an at-will agreement, the R&R disposed of that argument as well—finding that tortious interference with business relations, which requires a showing of wrongfulness, is the appropriate cause of action under such circumstances. R&R at 12 n.6 (discussing *Lurie* and citing *Realuyo v. Diaz*, No. 98-CV-7684 (JGK), 2000 WL 307407, at *4 (S.D.N.Y. Mar. 23, 2000) ("Where the contract breached is terminable at will, there is no liability for tortious interference unless the means employed to induce the breach were 'wrongful.'")). Lerner seeks a second bite at the apple on this point, not by setting forth any contrary authority, but by vehemently asserting that *Lurie* "has been cited fifty-nine times, been followed six times, and been distinguished four times". *See* Lerner Objection at 11-12. However, *Lurie*'s citation history is not in dispute, nor does it alter this analysis.

"[u]nder the principle of fraudulent joinder, [the citizenship of] a non-diverse defendant will be disregarded in ascertaining the existence of diversity on a remand motion . . . ." *Dexter v. A C & S Inc.*, No. 02-CV-6522 (RCC), 2003 WL 22725461, at *1 (S.D.N.Y. Nov. 18, 2003) (internal citation omitted). In contrast, here Lerner proposes that Gayer's opposition papers must be stricken, not that his citizenship must be disregarded in determining whether diversity exists. Lerner points to a single case from the Eastern District of Louisiana holding that "a non-diverse defendant who claims to be fraudulently joined may not remove an action to federal court." *Andrews v. AMERCO*, 920 F. Supp. 2d 696, 703 (E.D. La. 2013). He clings to another losing argument, given that Gayer did not remove this action or make any motion, a distinguishing circumstance already squarely addressed in the R&R. *See* R&R at 10 n.5. Furthermore, Lerner has identified no case law, much less case law binding in this circuit, holding that courts must strike all papers of a non-diverse defendant. He also fails to identify any finding in the R&R that relies solely on factual averments or arguments put forth by Gayer. The mere fact that Judge Mann did not strike Gayer's filing, especially given that no formal motion to strike was filed, does not demonstrate that she improperly considered it.

Sixth, Lerner complains that Judge Mann "acted as though it was a summary judgment motion" by considering supporting documentary evidence and accepting "Ghedini's assertion that she had not had the requisite intent" (intent he fails to describe in any fashion). Lerner Objection at 13-14. In any event, courts may certainly consider evidence beyond the pleadings in addressing questions relating to the existence of subject matter jurisdiction, including whether a party has been fraudulently joined to destroy jurisdiction where it would otherwise properly exist. *See Morrow v. Nationwide Mut. Fire Ins. Co.*, No. 14-CV-2664 (JFB)(AKT), 2014 WL 4638912, at *5 (E.D.N.Y. Sept. 16, 2014) ("The court may look beyond the pleadings and

8

consider evidence submitted by the parties[.]") (quoting *Sleight v. Ford Motor Co.*, No. 10-CV-3629 (BMC), 2010 WL 3528533, at *2 (E.D.N.Y. Sept. 3, 2010)). For instance, Lerner's proposed complaint, which was not operative but was, nevertheless, submitted for consideration on the motion, is such beyond-the-pleadings evidence properly before the Court in assessing the pleadings he did file in this action, including whether there is any hope of success in the claim those pleadings purport to advance against the non-diverse party.

More significantly, although Lerner asserts that Judge Mann "drew all inferences in favor of defendants," he fails to identify a single improper inference to support that conclusory objection. Lerner Objection at 13. The opposite appears to be true, since, for example, Judge Mann assumed for the purposes of the motion "that Ghedini's discharge of [Lerner] was without cause," despite Ghedini's explicit assertion that she terminated him for cause. R&R at 13 n.7; *see also id.* at 18. Furthermore, as to the intent objection, it is unclear why Lerner characterizes Ghedini's statement of intent as self-serving, when she is not the party accused of interference. The relevant intent question, as discussed at length in the R&R, concerns Gayer's intent to interfere, not Ghedini's intent to discharge Lerner. R&R at 13-20. In fact, Lerner fails to point to any portion of the R&R relying on Ghedini's denial of intent, rather than the supporting documentation, to reach a legal conclusion.

The foregoing objections variously repeat arguments made before Judge Mann, are general or conclusory, or have no basis whatsoever in law. Having reviewed the R&R for clear error, the Court finds none. Even *de novo* review would not change this outcome. Accordingly, the R&R is adopted in its entirety as the opinion of the Court.

9

<u>Conclusion</u>

In line with the foregoing, the R&R is adopted in its entirety.  Plaintiff's motion to remand is denied, and the claims against Gayer are dismissed without prejudice pursuant to Rule 21.

The parties are directed to Judge Mann for continued pretrial supervision.

So Ordered.

Dated: Brooklyn, New York

March 4, 2019

s/ Eric N. Vitaliano

_____

ERIC N. VITALIANO

United States District Judge